{¶ 13} I respectfully dissent. I would reverse the trial court's suppression of Bohanon's oral confession to police but affirm the suppression of the written confession which was characterized as a letter of apology to Bohanon's aunt.
 {¶ 14} First, it is important to note that the sole argument Bohanon's counsel raised at the suppression hearing was the lack ofMiranda warnings. He claimed she was not free to leave and was coerced into confessing. He argued that she was required to write the apology so she could leave and, thus, it was not voluntary.
 {¶ 15} The trial court stated it must consider the totality of the circumstances and noted that Bohanon was on the court's mental health docket. The court noted the initial deception employed by the police when they informed Bohanon that the video showed she did something. Further deception the court found included the suggestion of a written apology, the threat of jail, and the threat to call Bohanon's probation officer. Moreover, the court viewed the written apology with no punctuation as evidence of Bohanon's low I.Q. Therefore, the court concluded the questioning of Bohanon which resulted in the admissions and "apology" was not voluntary, and the court suppressed both the written and oral statements.
 {¶ 16} In reviewing a trial court's ruling on a motion to suppress, the reviewing *Page 9 
court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v.DePew (1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542; State v.Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See, State v. Curry (1994), 95 Ohio App.3d 93, 96,641 N.E.2d 1172, citing, State v. Schiebel (1990), 55 Ohio St.3d 71,564 N.E.2d 54. The reviewing court, however, must decide de novo whether, as a matter of law, the facts meet the appropriate legal standard. Id., see, also, State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906.
 {¶ 17} I would find that the court's findings of fact are not supported by the evidence.
 {¶ 18} In determining whether a statement is voluntary, the court must consider the totality of circumstances, including the suspect's age, mentality and prior criminal experience, the length, intensity and frequency of interrogation, the existence of physical deprivation or mistreatment, and the existence of threat or inducement. State v.Edwards (1976), 49 Ohio St.2d 31, 40-41, 358 N.E.2d 1051; State v.Brinkley, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959. The Ohio Supreme Court has found that deficient intelligence is but one factor in the totality of circumstances to be considered when determining the voluntariness of a confession. State v. Lynch, 98 Ohio St.3d 514,2003-Ohio-2284, 787 N.E.2d 1185. Although a defendant's mental condition is a significant factor in deciding whether a confession *Page 10 
was voluntary, it "does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional `voluntariness.'" Id., quoting, Colorado v. Connelly (1986),479 U.S. 157, 164, 107 S. Ct. 515, 93 L. Ed. 2d 473.
 {¶ 19} First, there is no testimony to support the court's finding of deception regarding the video. The detective told Bohanon she was on the video, a truthful statement.
 {¶ 20} Secondly, in regard to her mental status, the trial court found it unacceptable that the police suggested Bohanon write an apology letter to her aunt. The trial court described Bohanon as a "vulnerable, crying individual, with an I.Q. of 66, suffering from bipolar disorder, on numerous medications, and as we found out later, incompetent." However, I find no evidence to support that the police had any indication at the time they spoke to her on the phone or when they interviewed her that she was on medication, had a low I.Q., or had been diagnosed as mildly mentally retarded. In fact, the trial court acknowledged at the hearing that there was nothing in Bohanon's behavior that would indicate to the detectives that Bohanon suffered from a mental deficiency. And although Bohanon was later determined to be incompetent, the court psychiatric clinic found her unable to assist in her own defense and incompetent to stand trial. The clinic's findings never suggested that her condition precluded her from making voluntary statements at the time of the police interview. I see no evidence to support that she was actively suffering from a *Page 11 
psychotic disorder or other mental deficiency at the time of her oral statements.
 {¶ 21} Third, I find no evidence to support the trial court's determination that the detective's statement to Bohanon that he was going to contact her probation officer constituted a threat or that she was ever threatened with jail time. To the contrary, the record reflects that it was Bohanon who first mentioned that she was on probation. Moreover, Det. Ivory did not mention that he would contact her probation officer until the end of the interview, after her oral statements had been made. There is nothing in the record to support the finding that she was intimidated, threatened, or coerced into making the oral confession.[1]
 {¶ 22} Moreover, in reviewing the totality of the circumstances, I would note that Bohanon, at age 26, was not new to the criminal justice system, having previous convictions for receiving stolen property and aggravated arson. She arranged the date and time of the interview, arrived wearing her "nursing uniform," and willingly answered police questions in an office setting, with the door open.
 {¶ 23} Therefore, I would find that Bohanon's oral statements were voluntary and reverse the court's suppression of those statements.
[1] I would affirm the suppression of the written apology as a confession, but it came after her oral statements which I would not suppress. *Page 1